**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

**CIVIL ACTION NO. 04-329-DLB**

**JAMES COOK**                                                                                               **PLAINTIFF**

vs.                         **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                 **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff James Cook filed an application for supplemental security income (SSI) payments on June 26, 2002.[1] Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on September 3, 2003. On March 11, 2004, ALJ William Gitlow issued an unfavorable decision, finding that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for review by letter dated August 13, 2004. The ALJ's decision,

---

[1] This is Plaintiff's third such application. He first filed for SSI payments on January 25, 1994, and the ALJ rendered an unfavorable decision on October 27, 1997. Plaintiff protectively filed a second SSI application on November 17, 1998. On November 8, 1999, the ALJ rendered an unfavorable decision, which was affirmed by the Appeals Council. (Tr. 22).

1

therefore, stands as the final decision of the Commissioner on Plaintiff's claims.

Plaintiff, who was 39 years old at the time of the hearing, has a seventh grade education and alleges an inability to work beginning on January 1, 2002 due to: low back, hip, neck, and shoulder pain; gout in his knees and ankle; numbness in his left hand; arthritis; loss of hearing; high blood pressure; circulation problems; problems urinating; seizures; depression and anxiety; muscle spasms; chronic fatigue; headaches; and panic attacks.

Having exhausted his administrative remedies, Plaintiff filed the instant suit on August 11, 2005. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II. DISCUSSION

### A.   Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Secretary of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B. The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 24). At Steps 2 and 3, the ALJ found that Plaintiff has severe impairments due to seizures, degenerative disc disease, polysubstance abuse, and borderline intellectual functioning, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 24). At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform light work. (Tr. 31). Specifically, the ALJ found that Plaintiff can lift/carry 20 pounds occasionally, 10 pounds frequently; occasionally climb, balance, stoop, bend, crouch, and crawl; never climb ladders, ropes, or scaffolds; and must avoid work at unprotected heights or around dangerous, moving machinery. (Tr. 31). Morever, given his borderline intellectual functioning, the ALJ limited Plaintiff to performing simple, routine tasks. (Tr. 31).

Based upon these findings, the ALJ concluded that Plaintiff is unable to perform his

past relevant work as a general construction laborer. (Tr. 32). At Step 5, however, the ALJ found that there are a significant number of jobs Plaintiff can perform despite his limitations. (Tr. 33-34). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.    Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ's decision does not comply with the Sixth Circuit's holding in *Drummond v. Comm'r of Social Security*, 126 F.3d 837, 842-43 (6th Cir. 1997), that, absent evidence of improvement in a claimant's condition, a subsequent administrative law judge (ALJ) is bound by the findings of a previous ALJ. Specifically, Plaintiff alleges that ALJ Gitlow failed to adopt ALJ Taylor's prior finding that he has "restricted range of motion of extension and flexion at the waistline." (Tr. 51). Plaintiff argues that, absent improvement in his condition, ALJ Gitlow was bound by this finding, which has heightened vocational importance in light of the fact that he is limited to simple, routine tasks. In response, the Commissioner argues that the ALJ impliedly adopted the range of motion restriction by finding that Plaintiff can occasionally bend, stoop, or crawl. For the reasons that follow, the Court concludes that the ALJ's decision does not run afoul of *Drummond*.

In *Drummond,* the claimant filed an initial application for benefits covering the period from July 6, 1987 to July 28, 1988. The application was denied because the claimant possessed the residual functional capacity to perform sedentary work. At the time, she was 49 years old, and was classified under the Social Security regulations as a "younger" worker. The claimant filed a subsequent application, covering the period from July 28,

1988 to August 2, 1990, which was also denied, on the ground that she had the residual capacity to perform medium level work. During the period covered by the latter application, however, the claimant was between 50 and 54 years old, and was thus considered a "person approaching advanced age" under the Social Security regulations. If the ALJ had determined that the claimant had the RFC to perform sedentary work, as was decided in the first proceeding, she would have been entitled to disability benefits on her subsequent claim, because of the combination of her age classification and residual functional capacity. Upon review, the court held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 842. Accordingly, the court concluded that the second ALJ should have found that the claimant retained the residual capacity for sedentary work only. *Id.* at 843.

In this case, Plaintiff protectively filed an application for SSI payments on November 17, 1998. On November 8, 1999, ALJ Taylor issued an unfavorable decision that included the following findings, which are pertinent to this appeal:

> The claimant retains the residual functional capacity to perform light work. Light work consists of occasionally lifting and/or carrying up to 20 pounds and frequently 10 pounds. Also, he can stand and/or walk 6/8 hours, sit 6/8 hours and has unlimited capacity for pushing and pulling....
>
> The claimant's capacity for the full range of light work is diminished by his nonexertional limitations. The claimant has pain in his low back and left leg, and has restricted range of motion of extension and flexion at the waistline. Occasionally, he can bend, climb, balance and crawl, but he should avoid concentrated exposure to hazards such as machinery and unprotected heights.

(Tr. 53). ALJ Gitlow expressly noted these findings in his March 11, 2004 decision. Contrary to Plaintiff's allegation, the ALJ also adopted these findings in their entirety,

noting:

> I find that the consensus of light exertional activity is quite reasonable under the circumstances. I find the claimant limited exertionally to lifting/carrying a maximum of 20 pounds occasionally, 10 pounds frequently. Non-exertionally, I find that the claimant may only occasionally climb, balance, stoop, bend, crouch or crawl. The claimant is not to climb ladders, ropes or scaffolds. The claimant is to avoid work at unprotected heights; or around dangerous, moving machinery. Given the claimant's estimated borderline intellectual functioning, it is not unreasonable that he be limited to simple, routine tasks.

(Tr. 31) (citations omitted).

Plaintiff argues that ALJ Gitlow's failure to adopt the range of motion restriction (and include it in the hypothetical question to the VE) constitutes reversible error under *Drummond*. The Court does not read *Drummond* so narrowly. In this case, the subsequent ALJ concluded that Plaintiff retained the same residual functional capacity (for light work), subject to the same exertional and non-exertional limitations, as the prior ALJ. Moreover, ALJ Taylor's finding that Plaintiff "has restricted range of motion of extension and flexion at the waistline" is a subsidiary finding, as is the finding that he "has pain in his low back and left leg." Plaintiff's argument on appeal is, therefore, without merit.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #15) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc.

#19) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 16th day of February, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-329-CookMOO.wpd